HON. MORRIS D. STRAUSS Village Justice, Scotia
This is in response to your letter wherein you ask for an opinion of the Attorney General relating to the following question:
 "1. May I, as a Village Justice, be licensed under the Alcoholic Beverage Control Law, to operate a Tavern where the Tavern is not located within the Jurisdiction of My court?"
Alcoholic Beverage Control Law, § 128(1), provides:
 "1. It shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. The solicitation or recommendation made to any licensee, to purchase any alcoholic beverages by any police official or subordinate as hereinabove described, shall be presumptive evidence of the interest of such official or subordinate in the manufacture or sale of alcoholic beverages." It is obvious that a village justice is not included in the above prohibition.
Former Justice Court Act, § 14, provided as follows:
 "A justice of the peace who is an innholder or tavernkeeper engaged in the liquor traffic or at whose inn or tavern liquor is sold has no power or jurisdiction under any provision of this act."
We find no similar provision in Uniform Justice Court Act (Laws of 1966, chapter 898, effective September 1, 1967). As you know, the former Justice Court Act, as enacted by Laws of 1920, chapter 937, was repealed in its entirety by Uniform Justice Court Act, § 2300(f).
We conclude that Alcoholic Beverage Control Law, § 128(1) would not proscribe a village justice from being a licensee under the Alcoholic Beverage Control Law to operate a premises for trafficking in alcoholic beverages for on-premises consumption where such premises are not located within the jurisdiction of the court of the village justice. However, we do not pass on any ethical questions that may be involved; nor do we pass on the question of whether or not the State Liquor Authority may deny an application for such license in the exercise of its discretion.